J-S50014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM MONTANEZ | |
| Appellant | No. 1851 EDA 2014 |

Appeal from the PCRA Order June 2, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0327841-1994

BEFORE:  PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED SEPTEMBER 22, 2015**

Appellant, William Montanez, appeals *pro se* from the order dismissing as untimely his third petition pursuant to the Post Conviction Relief Act ("PCRA").  As Montanez has failed to establish his claim of after discovered evidence as an exception to the PCRA's time-bar, we affirm.

Montanez pled guilty to second-degree murder and associated crimes and received a sentence of life in prison.  He did not file a direct appeal.  In 1999 and 2000, Montanez filed his first and second PCRA petitions, respectively, which were both dismissed as untimely.

On August 3, 2012, Montanez filed the instant petition *pro se*, which he labeled as a *habeas corpus* petition.  In this petition, Montanez raised several claims, all of which save one he has abandoned on appeal.  The trial court reviewed the petition, determined that it was properly classified as a

PCRA petition, concluded that it was untimely, and dismissed it without a hearing. This timely appeal followed.

On appeal, Montanez contends that the PCRA court erred in concluding that he had not established his entitlement to the after discovered evidence exception to the PCRA's time-bar. Specifically, Montanez asserts that "brain science" discussed in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), is newly discovered evidence that impacts the legality of his sentence. Importantly, Montanez concedes that *Miller*, as a legal precedent, is not relevant as Montanez was over 18 years old at the time he committed the crimes underlying his sentence. *See* Appellant's Brief, at 9.

"The PCRA timeliness requirements are jurisdictional in nature and, accordingly, a court cannot hear untimely PCRA petitions." *Commonwealth v. Flanagan*, 854 A.2d 489, 509 (Pa. 2004) (citation omitted). To succeed on an after-discovered evidence claim, a petitioner must establish that: (1) the evidence was discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict. *See Commonwealth v. D'Amato*, 856 A.2d 806, 823 (Pa. 2004). If exceptions to the PCRA time-bar apply, a petitioner must assert them within sixty days of discovering the facts comprising the exception. *See* 42 Pa.C.S.A. § 9545(b)(2).

Here, the "brain science" identified by Montanez was published in 2003. ***See Miller***, at 2464. As noted, Montanez did not file the instant petition until 2012, undeniably more than 60 days. Montanez contends that, as a non-scientist, he should not be expected to have discovered this "brain science" immediately. Even upon taking this argument at face value, we note that the science at issue was discussed in ***Roper v. Simmons***, 125 S.Ct. 1183, 1195 (2005). Essentially, Montanez argues that he satisfied the 60 day rule by filing his petition within 60 days of the publication of ***Miller***. However, we see no reason to use ***Miller*** as the start point, as ***Roper*** revealed the same study in 2005. Montanez clearly did not file his petition within 60 days of the publication of ***Roper***. Thus, even after assuming, without so holding, that the bulk of Montanez's premise is correct, we cannot conclude that the PCRA court erred in determining that he had failed to sufficiently plead the after-discovered evidence exception to the time-bar. Montanez's sole issue on appeal therefore merits no relief.

Order affirmed. Jurisdiction relinquished.

Judge Jenkins joins the memorandum.

Judge Mundy concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/22/2015</u>